IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2903-MSK-KMT

JADA DAVIS,

   Plaintiff,

*v*.

SALIDA HOUSING AUTHORITY,
IDA HANSEN,
AMY BARTON,
MERLE LITTLEFIELD,
TOM SANDEL,
GWEN PERSCHBACKER,
LORRAINE GREEN,
BILLIE JEAN VALDEZ,
DAVID WRITE,
JACKIE SHEPHERD,
JIM LIVECCHI, and
THE CITY OF SALIDA, COLORADO,

   Defendant.

---

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment (**# 44**), the Plaintiff's Response (**# 52**), and the Defendant's Reply (**# 55**); and the Plaintiff's Motion for Summary Judgment (**# 56**) and the Defendant's Response (**# 57**). For the following reasons, the Motion is granted.

**I.    JURISDICTION**

The Court exercises jurisdiction under 28 U.S.C. § 1331.

## II. BACKGROUND[1]

Plaintiff Jada Davis, proceeding without the assistance of counsel,[2] was a resident of the Mount Shavano Manor apartments, managed by Defendant Salida Housing Authority. Ms. Davis' Complaint alleges that:

- Her apartment was never cleaned. Specifically, the blinds were filthy and the bathroom sink and shower stall were dirty. # 1-1 at 1, # 14 at 17, 24.

- She was threatened with eviction by Defendant Tom Sandell "if I don't allow Mrs. Valdez and Mr. Write into my home — they are racist, unprofessionall, disrespectful, and Mrs. Valdez twice refuse to give me [illegible]." # 1-1 at 1.

- Defendant Valdez harassed Ms. Davis from the day she signed her lease, particularly by twice refusing to give out her supervisor's phone number. # 14 at 17, 24.

- Defendant Valdez lied "about getting my food from community room with other tenants". # 14 at 17, 24.

- Defendant Lorraine Green told Ms. Davis to "see if I can stand on my head and

---

[1] The Court recounts the undisputed facts and the disputed facts in the light most favorable to Ms. Davis, the nonmoving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002). The Court also liberally construes Ms. Davis' filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se filings to less stringent standards than formal pleadings drafted by licensed attorneys).

[2] Because she has no attorney, the Court liberally construes Ms. Davis' filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In construing Ms. Davis' allegations, the Court has considered the attachments to the Complaint and another filing that primarily grieves conditions of her incarceration in Chaffee County, but also addresses the conditions of her residence at Mount Shavano Manor (**# 14**). Ms. Davis is a prolific letter-writer and has filed many with the Court. *See* ## 9, 14, 28–31, 34, 37–39. However, even without counsel, she is held to the same procedural rules as a counseled party, the Court cannot treat the letters she has filed as a evolving series of amendments to the Complaint. The Court has reviewed the various letters, and to the extent that there is content therein that is both pertinent to her claim against the Housing Authority and which would be manifestly unjust not to consider, the Court has considered it.

sign for my food box".   # 14 at 17.

- When Ms. Davis went to Defendant Green to complain about Defendant Valdez, she told her that Valdez calls her own grand kids "little shits".   # 14 at 17.

- Defendant Jackie Shepherd egged and spraypainted her car.   # 1-1 at 22.

- Defendants Valdez and Ida Hansen, along with other board members, lied about changes in Ms. Davis' lease, apparently to force her out of her apartment.   # 14 at 19. Specifically, they attempted to transition Ms. Davis from a lease that terminated upon her death or incapacity to a lease that terminated on a date certain.   # 1-1 at 22.

In December 2016, Ms. Davis filed suit against the Defendants in Chaffee County state court.   They removed the case to this Court.   The Complaint, liberally construed as the Court must, alleges one violation of the Fair Housing Act (FHA) for discrimination in the terms and conditions of housing on the basis of race.   The Authority is the only defendant that has been served.   The Authority now moves for summary judgment (**# 44**), as does Ms. Davis (**# 56**).

### III.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.   *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).   Substantive law governs what facts are material and what issues must be determined.   It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.   *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in

3

support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

This case involves cross-motions for summary judgment. "Because the determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a

*prima facie* case or to establish a genuine dispute as to material fact, cross-motions must be evaluated independently." *In re Ribozyme Pharmaceuticals Inc. Securities Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

## IV. DISCUSSION

The FHA prohibits discrimination in housing against any person based on the person's race. Ms. Davis asserts a claim under § 3604(b) of the FHA, making it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services of facilities in connection therewith, because of race". 42 U.S.C. § 3604(b).

The text plainly limits the statute's scope to discrimination in connection with the sale or rental of housing, not to the conditions of the property after it has been rented or sold. *See, e.g.*, *AHF Cmty. Dev. LLC v. City of Dallas*, 633 F. Supp. 2d 287, 301–02 (N.D. Tex. 2009) (§ 3604(b) applies to availability and acquisition, rather than to habitability and enjoyment of property); *King v. Metcalf 56 Homes Ass'n*, No. 04-2192, 2004 WL 2538379 at *2 (D. Kan. Nov. 8, 2004); (dismissing allegations related entirely to use and enjoyment of a residence already rented); *Farrar v. Elbidany*, No. 04-C-3371, 2004 WL 2392242 at *4 (N.D. Ill. Oct. 15, 2004) (dismissing a § 3604(b) claim based on the denial of heat and hot water because those services were associated with apartment maintenance and therefore beyond the scope of subsection (b)); *Lawrence v. Courtyards at Deerwood Ass'n*, 318 F. Supp. 2d 1133, 1141–43 (S.D. Fla. 2004) (holding § 3604(b) is limited to acquisition of housing).

The Authority argues that Ms. Davis has no evidence that she suffered any discriminatory

5

treatment in the renting of the property. The Court agrees. To the extent any individual Defendants' conduct can be attributed to the Authority, the universe of Ms. Davis' allegations concern its condition and operation after she took possession - her bathroom was dirty, she was threatened with eviction if she did not allow Authority personnel into her apartment, she was refused a supervisor phone number, she was restricted from bringing food to the community room, she was spoken to in a disrespectful manner, her car was vandalized, Authority personnel lied about changes in her lease. Only one of these allegations arguably bears on the terms and conditions of her lease — lying about changes made thereto — but it is a stretch to characterize such changes as being connected to the initial acquisition of the apartment.

Moreover, none of the allegations reflect action taken by the Authority bases on her race. Indeed, the only time her race is mentioned the Complaint and attachments is in a conclusory manner, referring only to the fairness of her treatment.[3] *See* # 1-1 at 22. She identifies no comparator residents who were treated differently from her, instead merely listing numerous grievances that have nothing to do with her race. If other tenants were treated the same way, there was no discrimination. The Court therefore finds that Ms. Davis has not come forward with sufficient evidence to create a factual issue over her treatment at Mount Shavano Manor. Accordingly, summary judgment for the Authority is appropriate.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (**# 44**) is **GRANTED,** and Plaintiff's Motion for Summary Judgment (**# 56**) is **DENIED**. Judgment shall issue in favor of Defendant Salida Housing Authority. The Plaintiff is **ORDERED** to

---

[3] Ms. Davis discusses race a great deal in the "letter" the Court considers to contain some of her base allegations. *See* # 14 at 23, *passim*. However, it is largely alleged with regard to her incarceration in Chaffee County and is unconnected to her tenancy at Mount Shavano Manor.

show cause within 14 days of this order as to why her claim against the individual defendants should not be dismissed for failure to effect service.

Dated this 2nd day of August, 2018.

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge